Joseph J. TALLAL, Appellant,

v.

The FORT WORTH NATIONAL BANK,
Appellee.

No. 16569.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 23, 1964.

**642**

Thompson, Knight, Wright & Simmons, and Sol Goodell, Dallas, for appellant.

Stone, Parker, Snakard, Friedman & Brown, and Lawton G. Gambill, Fort Worth, for appellee.

MASSEY, Chief Justice.

The question to be decided on appeal is whether, on its motion for summary judgment as the plaintiff, a bank is entitled, as a matter of law, to collect its debt from the obligor on a note it received as collateral security—where defendant obligor has admitted that the note so received was an accommodation note upon which he was the accommodation party (i. e., executed by him for the purpose of lending his name to the party who borrowed from the bank and pledged the same as security for the money borrowed),—when such fact is not alleged in either the bank's pleadings or its motion for summary judgment, but is established in the evidence before the court at time of the hearing.

It is our conclusion and holding that the bank is entitled to summary judgment in its behalf. The lower court did grant summary judgment.

The obligor, who was the defendant in the trial court, alleged that the plaintiff bank did not take his note (as collateral security) for value, but the whole of the evidence before the court (comprised of admissions, depositions, sworn pleadings and affidavit of the defendant obligor in another legal proceeding) established for purposes of the summary judgment proceeding—in view of absence of counter-affidavit or evidence by the defendant—that the note was received for value.

In such respect the case therefore became one "on all fours" with that which was the subject of the opinion in Felker v. Thomas, 83 S.W.2d 1055 (El Paso Civ.App., 1935, no writ hist.). We are in accord with the analysis of the situation there under consideration by Justice Higgins, in particular with the construction to be made of Vernon's Ann.Tex.Civ.St. Title 98, "Negotiable Instruments Act", Art. 5933, "Consideration", § 29, "Liability of accommodation party", relative to when the person who has executed a note to be delivered as security (for a loan obtained by another) is to be deemed and treated as an accommodation maker or party.

The admissions of the defendant obligor establish that while he was promised consideration for his act of accommodation he received no value for his execution of the instrument to be used as collateral security, and which he knew was to be so used. This was a situation like unto that in Felker v. Thomas. In such a case the defendant obligor is bound as an "accommodation party" under provisions of § 29 of Art. 5933 of the Negotiable Instruments Act. And in such a situation the obligor, as the accommodation party, may be sued singly, for he is to be treated as having contracted as a principal, and the legal relationship is that of principal and creditor because the accommodator has contracted in the capacity of a maker. Reed v. Buck, Tex., 370 S.W.2d 867, 871 (1963).

It has been said that in considering motions for summary judgment a court is

entitled to "look through and beyond the pleadings" at the legal situation exhibited before it and the relative rights of the parties existent thereunder. Does this mean that we can disregard the fact that neither the bank's pleadings nor motion for summary judgment claimed or pointed out its right to recover under its motion perforce the aforesaid § 29? The defendant obligor, appellant herein, demonstrates how he might have filed a counter-affidavit which woud have raised an issue of fact had he been aware that the bank might present the situation as a premise for an affirmance of the judgment of the trial court. Of course, if summary judgment procedure is to be effective, an admission in a deposition which is fatal to a party's cause or defense should be given effect unless the answering papers on the motion create, under oath, an issue by reason of such explanation or contradiction as will be offered at trial.

■ In Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233, 237 (1956), it was held that where the evidence before the court for purposes of summary judgment establish the existence of an issue of fact precluding summary judgment had it been plead, but which was not plead, the granting of such was improper, for it would be only when the pleadings, depositions, admissions and affidavits show that there is *no* genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. In our case the state of evidence before the court shows that there was *no* genuine issue of fact, on a ground established by the evidence, but which was not pleaded. Upon the hearing there was no motion that the court exclude from consideration any evidence not supported by pleading. In such state of the record we hold that the evidence was before the court for whatever it was worth, and that it had worth in the same sense·that it would have had in a trial upon the merits before the court without a jury. Texas Rules of Civil Procedure 67, "Amendments to Conform to Issues Tried Without Objection".

We therefore hold that the plaintiff bank must be held to have established its right to summary judgment in that the evidence before the court established that there was *no* genuine issue as to any material fact precluding entry thereof. It would be immaterial whether such fact was established outside the formal pleadings. For purposes of summary judgment the pleadings would be treated as though it was embraced therein

It is true, as defendant points out in his brief, that the bank did not undertake to answer his points of error, and for the first time seeks to maintain its judgment on the theory that the points are immaterial in that the evidence established that defendant was liable in any event because he was an accommodation party. But we are in accord with the bank's theory. Being so in accord we do not write upon the points of error, for though they be sustained (and the bank apparently concedes that the defendant's contentions upon some of them are correct), yet would our judgment be one of affirmance.

Judgment affirmed.