Holly COMBS, Individually and As Next Friend of William J. Combs, a Minor et al., Appellants,

v.

Timothy P. MORRILL et al., Appellees.

No. 14920.

Court of Civil Appeals of Texas, San Antonio.

July 7, 1971.

Rehearings Denied Sept. 8, 1971.

Evans, Marshall, Graham & Ribak, San Antonio, for appellants.

Andres Hernandez, Jr., Groce, Hebdon, Fahey & Smith, Charles L. Smith, Wiley, Plumb & Plunkett, Robert A. Allen, San Antonio, for appellees.

CADENA, Justice.

This is an uninsured motorist case. Plaintiffs, Holly Combs, William J. Combs, a minor who appears through his father and next friend, Holly Combs, and Ida S. Combs, mother of William, sued to recover for injuries sustained by the minor as a result of a collision which occurred while the minor was a passenger-guest in an automobile driven by one of the defendants, Timothy P. Morrill, the uninsured motorist. The other two defendants are United States Fire Insurance Company and State Farm Mutual Insurance Company, who had issued automobile insurance policies covering plaintiffs, Ida Combs and her minor son, William. Plaintiffs appeal from the rendition of a summary judgment in favor of defendants.

Each defendant filed separate but substantially identical answers. Insofar as rel-evant to the issue before us defendants alleged that William, the injured minor plaintiff, knew, before the collision occurred, that the driver of the automobile, Timothy Morrill, was under the influence of intoxicating liquor to such an extent that his driving ability was impaired, and that William was negligent in failing to leave the vehicle after discovering the condition of the driver, although he had a fair and reasonable opportunity to do so. It was also alleged that these circumstances barred plaintiffs' recovery under the doctrine of assumption of risk.

The motions for summary judgment were based on the pleadings and the deposition of the minor plaintiff, William J. Combs.

Defendants rely on the following admissions by William in his deposition:

1. During the approximately two and one-half hours preceding the accident, Morrill, the uninsured driver, consumed nine cans of beer.

2. William warned Morrill, who was drinking a can of beer while driving, that if he were stopped by a policeman he might be taken to jail.

3. A few minutes before the accident, as they left an ice house, Morrill "pulled out in front of a car and we almost got hit." In answer to the question, "And then it dawned upon you that perhaps those nine beers were taking their toll? Is that right?", William answered, "I suppose." At that point, William asked Morrill to take him home, because William began to be concerned about Morrill's driving ability and "it was obvious that his driving ability or his judgment was becoming impaired to some degree."

4. Between the ice house and the scene of the accident, Morrill stopped for two red lights. At each of such stops William could have alighted from the automobile safely.

5. In answer to questions inquiring whether he knew that nine cans of beer

would impair a person's driving ability, William answered, "I guess so," or "I suppose."

6. William had previously seen Morrill driving in a "drag" race, apparently at a racing "strip." He described Morrill's driving on that occasion as "crazy."

7. William had been arrested on three occasions for drunkenness. On each occasion he was released without charges being filed.

 It appears to be settled in this State that one who voluntarily enters a motor vehicle to ride with a driver then known to be intoxicated, or who, having entered without such knowledge, discovers the intoxicated condition of the driver and fails to leave if fair and reasonable opportunity to leave is afforded, will be charged with knowledge of the danger and will be held to have exposed himself to such danger so as to bar recovery. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607 (1952).

However, we do not believe that the record in this case warrants the summary conclusions required in order to uphold the summary judgment.

At the outset, it is clear that the decision in *Schiller* was based on the fact that the driver was actually intoxicated and that the passenger was aware of that fact. The controlling question is not whether Morrill had taken several drinks during the course of the evening, but whether or not he was intoxicated and whether or not William knew of his intoxicated condition. Cf. Hanks v. LaQuey, 425 S.W.2d 396, 406 (Tex.Civ.App.—Austin 1968, writ ref'd n. r. e.).

In other portions of his deposition William categorically stated that Morrill was not intoxicated or drunk. He testified that Morrill drove normally and that there was nothing in Morrill's manner of driving which would be cause for concern that Morrill's driving ability was impaired. Immediately prior to the "racing" incident,

Morrill had been driving carefully and had come to a normal stop at each of two traffic signals. At no time during the time that William was in the car did Morrill fail to stop in obedience to a traffic signal.

It is true that the deposition of William contains contradictions and inconsistencies. But it is also clear that conflicting conclusions may be drawn by a trier of fact from such deposition. Under these circumstances, a fact issue is presented and the rendition of summary judgment is improper. Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557, 562 (1962). Statements in a party's deposition have only the force of admissions out of court and may be contradicted or explained. Southern Lloyds v. Jones, 345 S.W.2d 435 (Tex.Civ. App.—Austin 1961, no writ).

The judgment of the trial court is reversed and the cause is remanded for further proceedings.