Faye ZOELLER, Appellant,

v.

HOWARD GARDINER, INC., Appellee.

No. 9037.

Court of Civil Appeals of Texas, Amarillo.

Aug. 3, 1979.

Rehearing Denied Sept. 12, 1979.

Parnass & Bond, Thomas J. Beswick, Irving, for appellant.

Taylor, Mizell, Price, Corrigan & Smith, Bradford D. Corrigan, Jr., Dallas, for appellee.

DODSON, Justice.

The trial court entered a summary judgment against Faye Zoeller in the amount of $463.80 in favor of Howard Gardiner, Inc. Ms. Zoeller appeals from the judgment. We reverse and remand.

Ms. Zoeller was employed by Howard Gardiner, Inc. as a sales representative from 1 July 1976 until 2 November 1976. She brought this action for alleged unpaid commissions in the amount of $5,500. In her petition, Ms. Zoeller alleges that she was employed on the representation that she would receive "one-half of all commissions paid to Howard Gardiner, Inc. on her sales," that such representation was false; and that she "believed and relied upon said representations and was thereby induced into employment with Howard Gardiner, Inc. . . . ."

Howard Gardiner, Inc. answered by general denial and affirmatively plead that the parties executed a written agreement dated 28 July 1976; that the written agreement set forth the amount of compensation, which Ms. Zoeller would receive; and that she was paid $463.80 more than the agreement provided. The corporation alone made a cross claim for the alleged overpayment.

The written agreement provides, in part:

### PAY PLAN

1. You will be paid a monthly draw of $1,000 against commissions earned.

\*   \*   \*   \*   \*   \*

If your period is:

Less than 6 months: 50% of commissions paid to Howard Gardiner, Inc. on all merchandise shipped into your territory up to the amount of your draw.

It is undisputed that plaintiff was employed by defendant for less than six months. Thus, the corporation claims that Ms. Zoeller was entitled to receive no more than $1,000 per month.

Howard Gardiner, Inc. files its motion for summary judgment as follows:

### I.

Filed herein in support of this Motion is the affidavit of Howard M. Gardiner. Plaintiff was employed by defendant as a sales representative from July 1, 1976, until November 2, 1976. In connection with such employment, plaintiff and defendant entered into a written agreement dated July 28, 1976, specifying the compensation to be received by Plaintiff. Plaintiff was paid in full the compensation provided for in such written agreement plus such additional sum of $463.80. Plaintiff claims, however, that by verbal agreement she was entitled to additional compensation.

### II.

Defendant says that parol evidence is not admissible to vary the terms of the written agreement, that there is no genuine issue as to any material fact and that defendant is entitled to judgment as prayed for in defendant's Original Answer and Counterclaim, i. e., that plaintiff take nothing by her suit and that defendant recover the aforesaid over-payment in the amount of $463.80.

In opposition to the motion for summary judgment, Ms. Zoeller filed her affidavit providing, in part:

On or about July 28, 1976, Dallas, Dallas County, Texas, I entered into employement [*sic*] with Howard Gardiner, Inc. At that time representations were made to me that I would receive one-half of all commissions paid to Howard Gard-

iner, Inc., on my sales. I relied upon said representations and, so induced, entered into employment with Howard Gardiner, Inc. The employment contract I entered into wás only upon the above named terms. Subsequently, however, I only received a commission of fifty percent (50%) upon all merchandise shipped into my territory up to an amount of $1,000 per month. This limitation was in no way part of the agreement as represented to me upon my entering into employment with Howard Gardiner, Inc.

I believed and relied upon such above stated representations and was thereby induced into employment with Howard Gardiner, Inc., for a period of approximately three months. As a result, I earned, but have never received commissions in the amount of $5,500. This represents the amount which I should have received under our agreement and that which was actually paid to me during my period of employment.

The trial court granted the motion and entered judgment for Howard Gardiner, Inc. in the amount of $463.80 against Ms. Zoeller.

On appeal Ms. Zoeller claims the trial court erred in granting the motion for summary judgment because Howard Gardiner, Inc. failed to establish, as a matter of law that there were no material issues of fact. The corporation invokes the parol evidence rule to negate presence of genuine issues of facts.

The parol evidence rule is stated in general terms in *McCall v. Trucks of Texas, Inc.*, 535 S.W.2d 791, 794 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n. r. e.) as follows:

> In the absence of fraud, accident, or mutual mistake, parol evidence is inadmissible to contradict the terms of a written instrument that on its face is complete and unambiguous. (citing authorities).

The corporation does not attempt to negate the material matters set forth in Ms. Zoeller's affidavit. In essence the corporation maintains that Ms. Zoeller must show more than fraud in the inducement to defeat the motion.

The corporation relies on the decision in *Town North National Bank v. Broaddus*, 569 S.W.2d 489, 491 (Tex.1978) to support its position. In this case the maker of a promissory note attempted to defeat a motion for summary judgment on the note by claiming that he was fraudulently induced to sign the note. The court stated:

> The question thus presented is whether, in a suit by one not a holder in due course against the maker of a promissory note, the parol evidence rule prohibits the admission of extrinsic evidence showing that the maker was induced to sign the note by the payee's representations that the maker would not incur liability on the note. We hold that the allegations of fact in the instant case, even if true, do not constitute fraud in the inducement so as to support an exception to the parol evidence rule.

A review of the decision in *Broaddus* reveals that the party claiming fraud in the inducement failed to show "that some sort of trick, artifice or device was employed by the payee in addition to his representation to the maker that he would not be liable" on the promissory note. 569 S.W.2d 493. The rationale of the decision was to prevent "uncertainty and confusion in the law of promissory notes." 569 S.W.2d 492.

We are persuaded that the public policy considerations and the rationale for the decision in *Broaddus* are not present in the case before us. Ms. Zoeller's affidavit in opposition to the motion for summary judgment supports her allegations that she was induced to accept employment with the corporation in reliance on false representations that she would receive "one-half of all commissions paid to Howard Gardiner, Inc. on her sales." In *Isenhower v. Bell*, 365 S.W.2d 354, 359 (Tex.1963) the court construed the parol evidence rule in a non-promissory note matter. The court stated:

> When the issue of fraud is raised, competent evidence that has a reasonable bearing on the issue is admissible and may be considered by the jury. All the

facts and circumstances leading up to and connected with the transaction are, ordinarily, admissible. . . .

*See also Dallas Farm Machinery Company v. Reaves,* 158 Tex. 1, 307 S.W.2d 233 (1957) for another case with similar effect.

■ In reviewing the summary judgment proof this court must apply the following rules:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in their favor.

*Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589, 592–593 (Tex. 1975).

■ Applying the above rules to the case before us, we must conclude that Ms. Zoeller's affidavit contains admissible evidence showing fraud in the inducement of the employment, which is not precluded by the parol evidence rule and that Howard Gardiner, Inc. failed to meet its burden of negating genuine issues of fact in Ms. Zoeller's cause of action.

We sustain Ms. Zoeller's first point of error, which is dispositive of this appeal. Accordingly, we reverse the summary judgment and remand the cause to the trial court.

COUNTISS, J., not participating.