**Richard MOLNAR, Appellant,**

v.

**ENGELS, INC., Appellee.**

**No. 04–84–00052–CV.**

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1985.

Rehearing Denied Feb. 4, 1986.

Dissenting Opinion on Denial of Rehearing En Banc Feb. 28, 1986.

J. Stephen Weakley, San Antonio, for appellant.

Robert B. Thornton, Sten M. Langsjoen, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

CANTU, Justice.

Richard Molnar, plaintiff below, appeals a November 29, 1983, lower court order granting defendant Engels, Inc.'s motion for summary judgment. We reverse.

This appeal arises out of a dispute concerning an oral employment contract. Molnar contends that under the contract his term of employment with Engels was to have been for one year. Engels argues that both parties understood that the employment agreement was to be terminable at the will of either party. The lower court held that there was no genuine issue as to any material fact and that the contract was as a matter of law terminable at will.

A litigant claiming the right to summary judgment has the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *Zoeller v. Howard Gardiner, Inc.*, 585 S.W.2d 920 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). In deciding whether there is a disputed material factual issue that would preclude summary judgment, all evidence favorable to the non-moving party will be taken as true by this Court. Every reasonable inference from the evidence must also be given to the non-moving party and doubts resolved in his favor. *Thomas v. American National Bank*, 694 S.W.2d 543 (Tex.App.—Corpus Christi 1985, no writ).

Where a defendant claims entitlement to summary judgment in a case arising out of a contractual claim, he must show that the plaintiff could not win the lawsuit because the contract provision in question is capable of only one meaning or interpretation, under which the defendant must prevail. *Thompson v. Hambrick*, 508 S.W.2d 949 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r. e.). The granting of summary judgment is improper where the disputed contractual provision contains an ambiguity that can be resolved only by reference to inconclusive, extrinsic evidence. *Chapa v. Benavides*

*Mill & Gin Co.*, 420 S.W.2d 464, 467 (Tex. Civ.App.—San Antonio 1967, writ ref'd n.r. e.).

The primary goal of the courts when interpreting employment contracts is to determine the intention of the parties. This is done from a consideration of the agreement as a whole, in light of all the circumstances. *Culkin v. Neiman-Marcus Co.*, 354 S.W.2d 397 (Tex.Civ.App.—Fort Worth 1962, writ ref'd). If there is any ambiguity as to the real intention of the parties, summary judgment is improper.

Where an oral contract of employment is for a non-specified, indefinite term, an employer generally is assumed to have the authority to discharge an employee at will. *United Services Automobile Association v. Tull*, 571 S.W.2d 551 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.); *Horn v. Builders Supply Co. of Longview, Ltd.*, 401 S.W.2d 143 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.). However, in the absence of special circumstances, the hiring of an employee at a stated sum for a particular period of time is a definite employment for the period specified. *Dallas Hotel Co. v. Lackey*, 203 S.W.2d 557 (Tex.Civ.App—Dallas 1947, writ ref'd n.r.e.). Such special circumstances may indicate that the hiring was intended to be for a longer period of time than the payment intervals, in which case the mere reservation of wages for a lesser period will not control the hiring. *Culkin v. Neiman-Marcus, Co., supra, Dallas Hotel v. Lackey, supra.*

In *Dallas Hotel v. Lackey*, the Court held that an employment contract could be interpreted as contemplating more than a month-to-month tenure where a bonus was to be paid to the employee at the end of one year. In that case the circumstances surrounding the contract, such as the fact that the plaintiff had terminated prior employment, sold his home, and moved his family from Oklahoma to Texas, were held to be factors of controlling weight in the Court's opinion.

Similarly, in *Culkin v. Neiman-Marcus, Co.*, one factor considered by the Court in determining the period of employment intended by the parties, was that the employee had sold his home and, in reliance upon the employment contract, had moved his family to the place of the new undertaking.

The summary judgment evidence in this case, taken in a light most favorable to Molnar, establishes that he was contacted and induced by Engels to quit his job in Arizona and move himself and his family to Texas. Although there was no specific agreement between the parties as to how long the job would last, Molnar reasonably assumed that the parties' association would be a lengthy one, based upon his demand that he be paid an annual salary of $30,-000.00. It was only after beginning work for Engels that Molnar learned that his salary was prorated for payment on a weekly basis.

One also reasonably could infer that the parties intended the period of employment be longer than the intervals at which wages were paid from the fact that Engels agreed with the employment agency through whom he hired Molnar to waive his right to reimbursement of the employment fee if he was not satisfied with Molnar's job performance during the first sixty days of employment. Taken in a light most favorable to Molnar, the evidence also would establish that a part of Molnar's inducement for accepting the employment offer was that a bonus was to be paid him at the end of one year. This evidence is sufficient to raise a genuine issue as to how long the parties intended the employment contract to last.

In support of the trial court's order, Engels points to certain testimony by Molnar in his deposition that if he had been offered another job while working for Engels he would have considered taking it; that nothing prevented Engels from terminating him if he saw fit to do so; and that he had the same right "as any employee does" to terminate his employment with Engels at any time. While this testimony might be interpreted in a manner that would support Engels' position, it does not entitle Engels to summary judgment as a matter of law.

Statements in a party's deposition have only the force of an out of court admission and may be contradicted or explained in a summary judgment proceeding. *Combs v. Morrill,* 470 S.W.2d 222 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.); *Tallal v. Fort Worth National Bank,* 383 S.W.2d 641 (Tex.Civ.App.—Fort Worth 1964, no writ). When conflicting conclusions may be drawn by a trier of fact from deposition testimony, an issue of fact is presented that prevents the granting of summary judgment. *Combs v. Morrill, supra.*

Taken in a light most favorable to Molnar, his deposition testimony establishes only that both parties had the power to terminate the employment contract at any time, not that either had the legal right to do so. The power of a party to terminate a contract, and thereby breach it and become liable for damages, should not be confused with the legal right to terminate an at-will employment contract.

Our review of the evidence persuades us that Engels is not entitled to summary judgment. Considered in a light most favorable to him, Molnar has presented sufficient summary judgment evidence to raise a genuine issue of material fact as to whether his employment was at will or for a period of one year.

The trial court order granting summary judgment in favor of Engels is reversed and this cause is remanded to the trial court.

TIJERINA, Justice, dissenting.

I respectfully dissent. In this case the trial court rendered summary judgment in favor of appellee decreeing that the employment contract at issue was terminable at the will of either party. It is undisputed that appellant quit his job in Arizona and moved his family to Texas relying on the employment contract. However, the summary judgment evidence, which includes the depositions, clearly established that there was no specific agreement between the parties as to the duration of the contract and whatever appellant assumed as to job security or tenure is irrelevant. Appel-

lant stated that if he had been offered another job while working for appellee he would have considered taking it. Thus, he himself considered the employment contract terminable at the will of either party.

The undisturbed rule in this regard was pronounced by the Supreme Court in *East Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99 (1888), where the court stated:

> It is very generally, if not uniformly, held, when the terms of service is left to the discretion of either party, or the terms left indefinite, or determinable by either party, that either may put an end to it at-will, and so without cause.

*Id.,* 10 S.W. at 102. This rule was more recently reiterated in *Maus v. National Living Centers, Inc.,* 633 S.W.2d 674, 675 (Tex.Civ.App.—Austin 1982, writ ref'd n.r.e.). There being no other material issues to be resolved by a trier of fact, I would affirm the trial court judgment.

## ON APPELLEE'S MOTION FOR REHEARING EN BANC

Before the court en banc.

TIJERINA, Justice joined by ESQUIVEL, Justice.

The motion for rehearing en banc was denied. Nevertheless, I remain in disagreement with the majority's holding.

Appellant himself testified that he felt free to leave at any time; thus, his employment contract was terminable at will. Texas courts have consistently held that an employer may discharge an employee for any reason, regardless of motives. Thompson, *Is Anybody Afraid of Good Cause?* TRIAL LAWYERS FORUM, July-Sept. 1985, at 15. The Texas Supreme Court has recently recognized a narrow public policy exception to the employment-at-will doctrine; an at-will employee cannot be fired for refusing to participate in an illegal activity. *Sabine Pilots v. Hauck,* 687 S.W.2d 733 (Tex.1985). However, that exception has no applicability here. In the absence of illegality, the at-will employment doctrine remains the law in Texas. *See East*

*Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99 (1888).

Accordingly, I would grant appellee's motion for rehearing and affirm the decision of the trial court.