**Ron DOBSON, Appellant,**

v.

**METRO LABEL CORPORATION, Appellee.**

No. 05–89–00550–CV.

Court of Appeals of Texas, Dallas.

Feb. 27, 1990.

Marvin Menaker, Dallas, for appellant.

George C. Dunlap, Thomas D. Boyle, Dallas, for appellee.

Before WHITHAM, ROWE, and BURNETT, JJ.

## OPINION

ROWE, Justice.

Ron Dobson sued Metro Label Corporation for wrongful discharge under an employment contract. The trial court granted Metro Label's motion for summary judgment without stating any grounds for the ruling. On appeal in a single point of error, Dobson contends that the summary judgment is improper because he submitted proof that there was an enforceable contract of employment which permitted termination only for good cause. We disagree with Dobson's contention and affirm the summary judgment.

According to Dobson's pleadings, Metro Label hired him on July 14, 1987, to be its general manager at a salary of $60,000 a year. Jerome T. Abbott, the sole stockholder and chief executive officer of Metro Label, signed a memorandum stating:

7/14/87

Offer today for General Manager @ $60,000 base salary per year with no bonus arrangement initially.

Jerome T. Abbott

After immediately giving notice of resignation to his previous employer, Dobson began work for Metro Label on August 3, 1987. On September 8, 1987, Metro Label terminated Dobson's employment.

In its motion for summary judgment, Metro Label asserted two reasons why the memorandum, as a matter of law, did not limit its right to terminate Dobson's employment at will. First, Metro Label contended that the memorandum does not satisfy the Statute of Frauds and, therefore, could not form the basis of an enforceable employment contract. Second, Metro La-

bel contended that even if the memorandum is enforceable, Metro Label nonetheless had a right to terminate Dobson's employment at will because Metro Label did not expressly agree in writing to forego this right. For the purpose of determining whether the trial court erred in granting summary judgment for Metro Label, we consider first Metro Label's contention that the memorandum does not satisfy the Statute of Frauds.

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Wilcox v. St. Mary's Univ.*, 531 S.W.2d 589, 592–93 (Tex.1975); TEX.R. CIV.P. 166a(c). In our review of the summary judgment evidence, we must follow the standards enunciated in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985):

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant must be taken as true.

(3) Every reasonable inference must be indulged in favor of the nonmovant and doubts resolved in its favor.

*Id.* at 548–49. Also, the movant is confined to the specific grounds set forth in the motion. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979); TEX.R.CIV.P. 166a(c). When the trial court's order does not specify the grounds relied upon for its ruling, summary judgment will be affirmed if any of the theories advanced in support of summary judgment is meritorious. *See Borg–Warner Corp. v. C.I.T. Corp.*, 679 S.W.2d 140, 142 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.).

Under Metro Label's first contention, we note that if an employment agreement, either by its terms or by the nature of the required acts, cannot be completed within one year, the Statute of Frauds will apply, and the agreement must meet its requirements. TEX.BUS. & COM.CODE ANN. § 26.01(b)(6) (Vernon 1987); *Niday v. Niday*, 643 S.W.2d 919, 920 (Tex.1985); *Chevalier v. Lane's, Inc.*, 147 Tex. 106, 111, 213 S.W.2d 530, 532 (1948). To satisfy the Statute of Frauds, there must be a written memorandum which is complete within itself in every material detail and which contains all of the essential elements of the agreement so that the contract can be ascertained from the writing without resorting to oral testimony. *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978); *Jackman v. Anheuser–Busch, Inc.*, 162 S.W.2d 744, 746 (Tex.Civ.App.—Dallas 1941, writ ref'd); *Bowser v. McDonald's Corp.*, 714 F.Supp. 839, 841 (S.D.Tex.1989). The written memorandum must, within itself or by reference to other writings and without resort to parol evidence, contain all the elements of a valid contract, including an identification of both the subject matter of the contract and the parties to the contract. *Cohen*, 565 S.W.2d at 232; *Walker Ave. Realty Co. v. Alaskan Fur Co.*, 131 S.W.2d 196, 198 (Tex.Civ.App.—Galveston 1939, writ ref'd).

The summary judgment evidence undisputedly establishes that Dobson responded to a newspaper advertisement placed by Abbott who was seeking a general manager for Metro Label's three plants. Abbott and two consultants hired by Abbott interviewed Dobson. Abbott and Dobson discussed salary, bonus, and other benefits several times. Dobson rejected an offer of $50,000 plus bonus as too low to justify leaving his current position which paid $40,000 with an expected $10,000 bonus.

On July 14, 1987, the parties discussed a salary of $60,000 per year and reached an agreement on that basis. To evidence the agreement, Dobson wrote down: "Offer today for general manager at $60,000 base salary per year with no bonus arrangement initially" and asked Abbott to sign it. Abbott signed it. Abbott and Dobson further agreed that Dobson would have the usual benefits such as group health insurance. Also, as agreed, Dobson did not begin to work at Metro Label until August 3, 1987.

■ The Statute of Frauds requires an agreement to be in writing if it cannot be performed within one year from the date it was made. TEX.BUS. & COM.CODE ANN. § 26.01(b)(6); *Chevalier*, 147 Tex. at 111, 213 S.W.2d at 532. As alleged by Dobson, his contract covered employment for the term of one year. If Dobson had worked for Metro Label for one year as contemplated by the alleged contract, he would have worked until August 2, 1988. From the making of the contract on July 14, 1987, until the period of employment would have ended on August 2, 1988, more than one year would elapse. Thus, since the contract alleged by Dobson could not have been performed within one year from the date of its making, it is subject to the Statute of Frauds. *Chevalier*, 147 Tex. at 111, 213 S.W.2d at 532.

■ The Statute of Frauds requires a writing complete within itself in every material detail and containing all essential elements so that resort to oral testimony is not required. *Cohen*, 565 S.W.2d at 232. Therefore, to satisfy the Statute of Frauds, the written memorandum must contain all the essential elements of the agreement between Dobson and Metro Label. The memorandum signed by Abbott shows only that he made an offer on July 14, 1987, for some unspecified managerial position at a salary of $60,000 per year, with no initial bonus arrangement. Dobson now contends that this writing establishes much more, namely that it was he who was hired, that his employer was Metro Label, that the job he accepted was as general manager of three Metro Label plants, and that the period of employment was for one full year. The memorandum itself, however, cannot be stretched so far. Considerable parol supplementation is needed to convert what is now a nebulous offer by Abbott into the definitive employment contract between Metro Label and Dobson upon which Dobson relies to obtain a recovery. Since resort to oral testimony is necessary to complete the material terms of the contract, we hold that as a matter of law the memorandum does not satisfy the Statute of Frauds. *See Cohen*, 565 S.W.2d at 232.

Dobson attempts to avoid this result by applying to the memorandum a rule stating that "in the absence of special circumstances the hiring of an employee at a stated sum for a particular period of time is a definite employment for the period stated." *Molnar v. Engels, Inc.*, 705 S.W.2d 224, 225 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). According to Dobson, cases applying this rule are factually similar to the present case; therefore, this rule should apply. In taking this position, however, Dobson relies on facial similarities and ignores the crucial distinction between cases applying this rule and the current case. In the authorities cited by Dobson, the Statute of Frauds either did not apply or was satisfied; accordingly, the Statute of Frauds did not prevent the agreements from being enforceable. *Hoffrichter v. Brookhaven Country Club Corp.*, 448 S.W.2d 843 (Tex.App.—Dallas 1969, writ ref'd n.r.e.) (alleged employment agreement was for three months; therefore, the Statute of Frauds did not apply); *Culkin v. Neiman Marcus Co.*, 354 S.W.2d 397 (Tex. App.—Fort Worth 1962, writ ref'd) (written employment contract satisfied the Statute of Frauds). Dobson cannot avoid the Statute of Frauds' requirements by relying on the *Molnar* rule.

Furthermore, there is another significant difference between the line of cases relied upon by Dobson and the case here. Factors given "controlling weight" in those cases were such surrounding circumstances as the sale of the home and the move of the employee and his family to the location of the new job. Dobson did not plead estoppel based on surrounding circumstances. *Culkin*, 354 S.W.2d at 400; *Dallas Hotel v. Lackey*, 203 S.W.2d 557, 562 (Tex. Civ.App.—Dallas 1947, writ ref'd n.r.e.); *Molnar*, 705 S.W.2d at 225. Since estoppel is not present in this case, we decline to follow a line of authority dependent upon estoppel.

Because the argument advanced in support of Metro Label's motion for summary judgment that the memorandum does not satisfy the Statute of Frauds is meritori-

ous, Dobson's point of error is overruled. The judgment of the trial court is affirmed.