Eugene WINOGRAD and Judith Winograd, Individually and doing business as Judwin Properties, Appellants,

v.

William H. WILLIS, Jr., Appellee.

No. A14–89–00622–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 5, 1990.

Rehearing Denied May 3, 1990.

Charles W. Kelly and Richard T. Howell, Jr., Houston, for appellants.

Michael Y. Saunders and John W. Tavormina, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is a suit for wrongful termination of an employment agreement. The jury determined that the appellants wrongfully terminated their employment contract with appellee William Willis and awarded Willis $30,333.33 in damages. Appellants bring three points of error, and appellee brings one cross-point. We affirm the trial court's judgment.

In 1981 Marvin Isgur, chief financial officer of appellant Judwin Properties, sought a new controller for the company. This adjustment in personnel was intended as part of the implementation of certain internal company changes recommended in a report prepared for Judwin by the Touche Ross accounting firm. Isgur offered the job to appellee William Willis, and on September 15, 1981, Willis accepted the position as controller with Judwin. In order to accept the new post, it was necessary for Willis to terminate his long-term employment with Way Engineering. Appellee claims that because of his concern about job security at Judwin, he requested and received written affirmation of his employment in the form of a letter. The letter provided in part:

> This letter is intended to outline our agreement regarding your employment as controller for the Judwin Companies. Your employment will commence as soon as possible, but in no event later than October 15, 1981. Your initial compensation package will include the following:
> (1) An annual salary of $52,000. paid monthly and pro-rated for the initial month worked. The salary will be reviewed at the end of 1981 for consideration of an increase and/or bonus as appropriate.

Additionally, adjacent to the signature of Marvin Isgur, the letter provided a line for Willis' signature denoting that appellee "Accepted and Agreed" to the terms of the letter. Willis began his duties with Judwin on October 12, 1981. On February 2, 1982, appellee was notified that his employment with Judwin Properties was terminated. Willis subsequently initiated this suit against Judwin and its owners, appellants Eugene and Judith Winograd.

Texas has long adhered to the employment at will doctrine which states that when the term of service is left to the discretion of either employer or employee, either of those parties may terminate the employment relationship at will and with-

out cause. *McClendon v. Ingersoll–Rand Co.*, 779 S.W.2d 69, 70 (Tex.1989); *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 75, 10 S.W. 99, 102 (1888). In the absence of special circumstances, however, Texas also follows the general rule practiced in England, which dictates that a hiring at a stated sum per week, month, or year, is a definite employment for the period named and may not be arbitrarily concluded. *Dallas Hotel Co. v. Lackey*, 203 S.W.2d 557, 561 (Tex.Civ.App.—Dallas 1947, writ ref'd n.r.e.); *Dallas Hotel Co. v. McCue*, 25 S.W.2d 902, 905 (Tex.Civ.App.—Dallas 1930, no writ); *see also Molnar v. Engels, Inc.*, 705 S.W.2d 224, 225 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.). Further, if the term of contracted employment is intended to exceed beyond one year, the employment contract must be in writing in order to conform to the statute of frauds. *See* TEX.BUS. & COM.CODE ANN. § 26.01(b)(1) (Vernon 1987).

■ In their first point of error appellants assert that the uncontested evidence showed that Willis did not have a written employment contract which directly limited in "a meaningful and special way" Judwin's right to terminate him without cause. For this reason, appellants claim that the district court committed reversible error in failing to enter judgment in their favor. We do not agree with the appellants' contention.

■■ This court has stated that to establish a cause of action for wrongful termination, the discharged employee must prove that (1) he and his employer had a contract that specifically provided that the employer did not have the right to terminate the employment contract at will, and that (2) the employment contract was in writing. *Webber v. M.W. Kellogg Co.*, 720 S.W.2d 124, 126 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The Beaumont Court of Appeals has added that the writing must, *"in a meaningful and special way,"* limit the employer's right to terminate the employment at will. *Benoit v. Polysar Gulf Coast, Inc.*, 728 S.W.2d 403, 406 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.) (emphasis in original). In these decisions neither we nor the Beaumont court presumed to overrule *Dallas Hotel Co. v. McCue* or its progeny cases, as only the state legislature or the Texas Supreme Court may effect such major policy changes in Texas employment doctrines. *See Molder v. Southwestern Bell Tel. Co.*, 665 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Thus, in order to construe *Webber* and *Benoit* in a manner consistent with the English Rule cases, it is clear that a hiring based on an agreement of an annual salary limits in a "meaningful and special way" the employer's prerogative to discharge the employee during the dictated period of employment.

■ We also find that because of the October 12th letter, the Willis/Judwin employment contract conformed to the statute of frauds. Appellants argue that the letter to Willis simply advised him of his compensation package and in no way specified Willis' duties or the duration of employment. However, appellants fail to note that the letter was executed in a contract form—Judwin's chief financial officer signed the instrument, and the document required Willis' signature to show that he "Accepted and Agreed" to the instrument's terms. A yearly salary was stipulated, clarifying the minimum duration of the contract. *See Molnar*, 705 S.W.2d at 225; *Lackey*, 203 S.W.2d at 561; *Accidental Oil Mills v. Tomlinson*, 8 S.W.2d 558, 559 (Tex.Civ.App.—Austin 1928, writ ref'd) ("[I]f at the expiration of the year the employee continues to perform his services, the contract impliedly renews itself for a period of one year."). The letter also stated that Willis was to be employed as the company controller. The evidence shows that the parties clearly understood the responsibilities of a company controller through their prior experience, pre-employment negotiations, and the stipulations of the Touche Ross report.

■ Even had a writing not cemented the employment agreement, we conclude that under the circumstances of this case a written confirmation of the contract was unnecessary. The statute of frauds bars only those contracts which *must* last long-

er than one year. *Niday v. Niday,* 643 S.W.2d 919, 920 (Tex.1982); *Morgan v. Jack Brown Cleaners, Inc.,* 764 S.W.2d 825, 827 (Tex.App—Austin 1989, writ denied). The Willis/Judwin contract was defined by an annual salary; thus, the contract by its terms could have been performed in one year and did not necessitate a writing. It was therefore unnecessary for Willis to plead and submit jury questions that would excuse him from the statute of frauds' requirements. *See W.H. McCrory & Co., Inc. v. Contractors Equip. and Supply Co.,* 691 S.W.2d 717, 720–21 (Tex.App.—Austin 1985, writ ref'd n.r.e.).

In a final argument to support their point appellants assert that the circumstances in the case before us parallel the situation in *Dech v. Daniel, Mann, Johnson & Mendenhall,* 748 S.W.2d 501 (Tex. App.—Houston [1st Dist.] 1988, no writ), a case in which the employee was denied recovery on an employment contract with his employer. However, the facts of the instant case are easily distinguished from those in *Dech.*

First, the *Dech* jury trial resulted in a verdict favorable to the employer, *Id.* at 502; thus, unlike the situation before us, the *Dech* jury must have concluded that there was either no employer breach or no durational employment contract. In *Dech* there was an exchange of letters affirming the oral employment contract; however, the evidence made it clear that the parties disagreed about what their original agreement had been. *Id.* at 503. In the case before us there is no dispute of the terms represented in the confirmation letter nor of the fact that it accurately represented the original oral agreement. Additionally, both Marvin Isgur and Willis signed the October 12th letter accepting its terms. There is no such mutually approved document in *Dech.*

Finally, in the case before us the jury charge dictated that in order for Willis to recover against Judwin, the members of the jury must find that a contract existed between Willis and Judwin, that the contract extended for a definite period of time

and limited the Judwin's right to terminate Willis, and that Judwin breached that contract by discharging Willis without good cause. The charge provided in part:

Did Judwin Properties fail to comply with an employment agreement, if any, with Bill Willis?

Unless the parties clearly and specifically agree to limit the employer's right to terminate the employee, the employee and employer are both free to terminate the employment at any time and for any reason, and such a termination is not a failure to comply with the agreement. If the parties agree that the employment is for a definite period of time, early termination is a failure to comply unless you find that termination was for good cause. Good cause means a failure of an employee to perform those duties in the scope of his employment as a person of ordinary prudence would have done under the same or similar circumstances, or the commission of acts by the employee in the scope of his employment which a person of ordinary prudence would not have done under the same or similar circumstances.

With such clear jury instructions and sound case law precedent we cannot conclude that the district court committed reversible error in failing to enter judgment in appellants' favor. Appellants' first point is overruled.

In their second point of error appellants claim that the district court erred in allowing Willis to testify as to his current employment status. Appellants assert that this testimony served only to inflame the jury with "passion, prejudice, and sympathy" thereby causing the rendition of an improper judgment. We disagree. Willis' work history subsequent to his termination from Judwin is directly relevant to his damages and his duty to mitigate those damages. *Gulf Consol. Int'l, Inc. v. Murphy,* 658 S.W.2d 565, 566 (Tex.1983); *W. Pat Crow Forgings, Inc. v. Casarez,* 749 S.W.2d 192 (Tex.App.—Fort Worth 1988, writ denied); *Professional Services, Inc. v. Amaitis,* 592 S.W.2d 396, 397 (Tex.Civ.App. —Dallas 1979, writ ref'd n.r.e.). Point two is overruled.

In their final point of error appellants claim that the district court committed reversible error in granting Willis prejudgment interest compounding daily at a rate of ten percent per annum. Appellants rely on Tex.Rev.Civ.Stat.Ann. art. 5069–1.-03 (Vernon 1987), which provides that when no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable. However, this court has previously concluded that article 5069–1.03 does not apply in the calculation of interest if a fixed sum is not ascertainable from the contract itself. *Acco Constructors, Inc. v. National Steel Products*, 733 S.W.2d 368, 370 (Tex.App.—Houston [14th Dist.] 1987, no writ); *see also Perry Roofing Co. v. Olcott*, 744 S.W.2d 929, 930 (Tex.1988).

Besides furnishing a $52,000 annual salary, Willis' letter of employment provided Willis with several employee benefits, including the use of a company car and credit card, health insurance coverage, and membership in Chancellor's Racquet Club. None of these benefits had an assigned value in the document. In such situations where the non-breaching party's damages cannot be calculated from the face of the contract, prejudgment interest accrues at the prevailing rate that exists on the date judgment is rendered, but in no event less than ten percent. *Perry Roofing Co.*, 744 S.W.2d at 930; *see also* Tex.Rev.Civ.Stat. Ann. art. 5069–1.05 § 2 (Vernon Supp. 1990).

Although we acknowledge that Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 § 2 (Vernon Supp.1990), has been amended and now requires prejudgment interest to be compounded annually, the state legislature made this amendment subsequent to the cause of action before us. We therefore apply the prior measure dictated by the Texas Supreme Court which allows daily compounding interest. *Perry Roofing Co.*, 744 S.W.2d at 931 (applying the standard of calculating prejudgment interest from *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 554 (Tex.1985), to contract actions for unascertainable damages). The trial court's award of an interest rate of ten percent per annum is therefore in all ways appropriate.

In a cross-point appellee asserts that the trial court erred when it refused to submit the requested jury questions regarding whether or not the implied covenant of good faith and fair dealing applied to the employment relationship between Willis and Judwin. We disagree. Neither the state legislature nor the Texas Supreme Court has yet to recognize an implied covenant of good faith and fair dealing in the context of employment relationships. *McClendon v. Ingersoll–Rand Co.*, 757 S.W.2d 816, 819 (Tex.App.—Houston [14th Dist.] 1988), *rev'd on other grounds*, 779 S.W.2d 69 (1989); *Lumpkin v. H & C Communications, Inc.*, 755 S.W.2d 538, 540 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *see also English v. Fischer*, 660 S.W.2d 521, 522 (Tex.1983). As an intermediate court, we are duty-bound to follow the Texas Supreme Court's expressions of the law and to leave changes in the application of common law rules to that higher authority. *Lumpkin*, 755 S.W.2d at 540 (citations omitted). We therefore overrule appellee's cross-point.

The trial court's decision is affirmed.

JUNELL, J., not participating.