Lias v. Pro-Health 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-006-CV





JAMES M. LIAS,



 
 APPELLANT


vs.





PRO-HEALTH OPERATIONS, INC.,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 448,585, HONORABLE HUME COFER, JUDGE PRESIDING



 





 This appeal arose out of a wrongful-discharge action filed by James M. Lias,
appellant, after he was fired from his job as Regional Director of Operations for Pro-Health
Operations, Inc. ("Pro-Health"), appellee. The trial court rendered a take-nothing summary
judgment against Lias. In three points of error, Lias complains that the trial court erred in
granting summary judgment because Pro-Health did not conclusively prove either the absence of
any genuine fact issues or a right to judgment as to Lias's claims for breach of contract, quantum
meruit, and promissory estoppel. We will reverse the judgment and remand the cause.



 BACKGROUND



 In 1986 Pro-Health, a Texas corporation with its principal place of business in
Austin, advertised for a marketing agent for outpatient surgery centers in the Dallas area. Lias
responded to the ad by letter dated August 26, 1986. In his letter, Lias stated that "[i]t is my
understanding that you are going to tie this proposed marketing plan to a compensation package
of a $38,000 to $40,000 annual salary, plus a performance bonus based on a sustained average
increase in total cases over a given period of time." On September 8, 1986, Lias met and
interviewed with Pro-Health's president, Richard D. Relyea; on September 11, 1986, Relyea sent
Lias a letter that stated in part:



We are pleased to offer you the position of Regional Director of Operations. Your
specific assignment will be the Surgery Center operations at Duncanville & East
Central Dallas. . . .


Your compensation will be a base salary of $3320.00 per month. You will receive
a bonus of $10,000 per center when that surgery center has achieved a breakeven
point for 3 consecutive months. . . . We expect you to report to Austin on
September 22nd for briefings. . . .



(Emphasis in original). After receiving this letter, Lias resigned from his job in Houston, moved
to Dallas, and reported to work for Pro-Health on September 22, 1986. Lias worked for Pro-Health through December 3, 1986, at which time he was discharged.



STANDARD OF REVIEW


 The standards for reviewing a summary judgment are well established: (1) the
movant for summary judgment has the burden of showing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law; (2) in deciding whether there
is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant is taken as true; and (3) every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985).



BREACH OF CONTRACT


 Lias contends that the employment contract, as evidenced by Relyea's letter of
September 11, is ambiguous, requiring the fact finder to determine the intention of the parties by
looking to all the surrounding circumstances, including his own letter of August 26. Pro-Health
does not contend that the September 11 letter is not a valid contract; rather, it contends that this
letter is not ambiguous regarding the employment terms.

 When interpreting employment contracts, a court must determine the intention of
the parties by considering the agreement as a whole. Summary judgment is improper if there is
any ambiguity that can be resolved only by reference to inconclusive, extrinsic evidence. Molnar
v. Engels, Inc., 705 S.W.2d 224, 224-25 (Tex. App.--San Antonio 1985, writ ref'd n.r.e.). 

 The long-standing rule in Texas is that, absent special circumstances, a hiring for
a stated sum per week, month, or year is definite employment for that period. Winograd v.
Willis, 789 S.W.2d 307, 310 (Tex. App.--Houston [14th Dist.] 1990, writ denied); Molnar, 705
S.W.2d at 225; Culkin v. Neiman-Marcus Co., 354 S.W.2d 397, 400 (Tex. Civ. App.Fort
Worth 1962, no writ); Dallas Hotel Co. v. Lackey, 203 S.W.2d 557, 561 (Tex. Civ. App.--Dallas
1947, writ ref'd n.r.e.). A hiring based on a stated sum for a particular period limits, in a
"meaningful and special way," the employer's prerogative to discharge the employee during the
dictated term of employment. Winograd, 789 S.W.2d at 310. However, if there is any provision
in the contract showing an intention to hire for a longer term, the mere reservation of wages for
a lesser term will not control. Molnar, 705 S.W.2d at 225; Culkin, 354 S.W.2d at 400. Under
such circumstances "the intention of the parties as ascertained from the terms of the contract, read
in the light of the surrounding circumstances, will control." Dallas Hotel, 203 S.W.2d at 562.

 Applying the foregoing rules, the court in Dallas Hotel held that a written contract
stating a monthly salary could be interpreted as intending more than month-to-month employment
where an end-of-year bonus was promised. Further, the court deemed the circumstances
surrounding the contract to be controlling, e.g., that the employee had terminated his prior
employment, sold his home, and moved his family to Texas. Dallas Hotel, 203 S.W.2d at 562;
see also Culkin, 354 S.W.2d at 400 (interpreting written contract, the court held surrounding
circumstances, e.g., selling home, quitting job, moving family to Texas, were controlling factors);
Molnar, 705 S.W.2d at 225 (interpreting oral contract, the court held that genuine issues of
material fact were raised regarding the duration of the contract where the employee demanded an
annual salary and the employer promised an end-of-year bonus).

 Similarly, in the present case, Relyea's letter of September 11 indicates that Lias
would be paid a monthly salary and a bonus when a surgery center had achieved a breakeven point
for three consecutive months. Lias terminated his prior employment and moved from Houston
to Dallas. Further, Lias's August 26 letter to Relyea anticipated an annual salary. We conclude
that the monthly salary and bonus provisions, considered together, create an ambiguity as to the
duration of the contract; therefore, the intention of the parties must be determined from the terms
of the contract, read in light of the surrounding circumstances. The surrounding circumstances
shown by the summary-judgment evidence do not yield a conclusive result.

 Accordingly, taking the summary-judgment evidence in the light most favorable
to Lias, we conclude that Pro-Health did not conclusively establish the intended duration of the
contract. Necessarily, then, Pro-Health has also failed to show that it is entitled to judgment as
a matter of law on Lias's breach-of-contract claim.



QUANTUM MERUIT


 Lias pleaded in the alternative that even if no contract existed, he could recover
based on quantum meruit for services provided. Pro-Health's summary-judgment motion alleges
that Lias was paid in full for his services through his discharge, referencing a 1986 wage and tax
statement as evidence of such payment. However, the only affidavit contained in the appellate
record, dated April 15, 1991, provides no such evidence. Accordingly, based on the record
before this Court, we conclude that Pro-Health did not conclusively establish its right to judgment
on Lias's quantum meruit claim.



PROMISSORY ESTOPPEL


 Lias also pleaded in the alternative that he detrimentally relied on Pro-Health's oral
promise of employment for a one-year term and, because of that reliance, Pro-Health is estopped
from contradicting the promise. Although Pro-Health avers in its affidavit that there was no
intention to form a one-year employment contract, this evidence simply disputes Lias's claim. 
Accordingly, the summary-judgment evidence does not show the absence of a genuine issue of
material fact regarding Lias's promissory-estoppel claim.

 We reverse the judgment of the trial court and remand the cause to that court for
further proceedings.



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Reversed and Remanded

Filed: November 4, 1992

[Do Not Publish]