**Norman G. HADDAD, d/b/a University Hills Plaza Shopping Center, Appellant,**

v.

**William E. WOOD and Joe C. Veale Sr., Individually or d/b/a JV's Pit BBQ, Appellees.**

No. 08–97–00015–CV.

Court of Appeals of Texas, El Paso.

July 3, 1997.

Rehearing Overruled Aug. 13, 1997.

Daniel R. Malone, Malone Law Firm, P.C., El Paso, for Appellant.

Ronald R. Calhoun, El Paso, for Appellees.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

## OPINION

LARSEN, Justice.

This is an appeal from a summary judgment against the plaintiff/landlord in an action to recover past due rent installments under a written lease. We affirm the summary judgment in part, and reverse it in part.

### FACTUAL AND PROCEDURAL HISTORY

The appellant, Norman Haddad, owns and operates the University Hills Plaza Shopping Center. Surety Savings and Loan, the lender from whom Haddad had obtained financing for the shopping center, retained the right to approve tenants and leases for the

center. When Surety refused to approve James and Jennifer Veale as tenants, their respective fathers, Joe Veale Sr. ("Veale Sr.") and William Wood ("Wood"), agreed to sign the lease. The parties dispute the capacity in which Wood and Veale Sr. signed the lease, but there is no dispute that along with James and Jennifer Veale, Wood and Veale Sr. signed at the signature page and initialed the lease at the bottom of each of its sixteen additional pages under the designation "Tenant." Wood and Veale Sr. also admit that they initialed approval of a handwritten change to the lease.

The Veales opened a barbecue restaurant in the leased space. When the restaurant defaulted on its lease payments, Haddad sued James Veale, Jennifer Veale, William Wood, and Joe Veale Sr. for the past due rents. Wood and Veale Sr. answered and moved for summary judgment on the ground that the Statute of Frauds prevented enforcement of the lease against them, which the trial court granted. Haddad appeals the summary judgment against him with seven points of error.

## DISCUSSION

Wood and Veale Sr. moved for summary judgment on two grounds, both based on the Statute of Frauds. First, Wood and Veale Sr. maintain that they cannot be held responsible for past due lease payments as tenants, even though they admit signing the lease, because the terms of the lease do not designate them as tenants or parties to the lease. The appearance of their signatures on the lease, they argue, is "unexplained" by the written terms of the lease itself. The Statute of Frauds thus prevents enforcement of past due rent against them. Next, based on their first argument that they could not be held responsible as parties to the lease, they asserted that Haddad's suit against them is actually an attempt to hold them responsible for the debt of their children. Since the written lease agreement contains no provisions requiring them to guarantee the debts of James and Jennifer Veale, Wood and Veale Sr. claimed that Haddad's attempt to extract payment from them on past due lease installments violates the Statute of Frauds.

The Statute of Frauds applies to, among other things, both a promise by one person to answer for the debt, default, or miscarriage of another person, and a lease of real estate for a term longer than one year. TEX.BUS. & COM.CODE ANN. § 26.01(b)(2)(5)(Vernon 1987). It is undisputed in this case that the lease was for a term of more than one year. Thus, the two theories of recovery attacked in Wood and Veale Sr.'s motion come within the statute.

■ To satisfy the Statute of Frauds, there must be a written memorandum which is complete within itself in every material detail and which contains all of the essential elements of the agreement so that the contract can be ascertained from the writing without resorting to oral testimony. *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978); *Dobson v. Metro Label Corp.*, 786 S.W.2d 63, 65 (Tex.App.—Dallas 1990, no writ). The written memorandum must, within itself or by reference to other writings and without resort to parol evidence, contain all the elements of a valid contract, including an identification of both the subject matter of the contract and the parties to the contract. *Cohen*, 565 S.W.2d at 232; *Dobson*, 786 S.W.2d at 65. Reduced to the essence of the argument, Wood and Veale Sr. contend that the written lease agreement fails to identify them as parties to the lease and further fails to include within its terms an agreement on their part to answer for the debt of James and Jennifer Veale.

■ The trial court granted summary judgment against Haddad "based upon the Statute of Frauds" without specifying under which theory judgment was granted. Generally, where the trial court does not specify the grounds for summary judgment, an appellant must successfully attack all grounds raised in the motion to obtain a reversal. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). In this case, however, Wood and Veale Sr.'s two grounds attack each of two alternative theories of recovery. If Wood and Veale Sr. are not liable as guarantors as a matter of law, they may still remain liable as parties to the contract, or vice versa. Accordingly, we will address each issue separately below.

## IDENTIFICATION OF WOOD AND VEALE SR. AS PARTIES TO THE LEASE

■ In his second and third points, Haddad attacks Wood and Veale Sr.'s theory that to hold them responsible under the lease as tenants violates the Statute of Frauds. The lease's introductory paragraph identifies the "Tenant" as James and Jennifer Veale. Wood and Veale Sr. are not included. Thus, Wood and Veale Sr. contend the written lease does not identify them as tenants or otherwise as parties to the lease contract within its own terms. Haddad urges that despite the omission of Wood and Veale Sr. from the introductory paragraph, their signatures on the lease signature page coupled with their initials under the designation "Tenant" on each and every page of the fourteen-page main lease document (excluding the table of contents, which contains no signature lines), and on each exhibit attached to the lease, raise a fact question as to whether Wood and Veale Sr. are parties to the lease for purposes of the Statute of Frauds. We agree with Haddad.

■ Contracts within the Statute of Frauds are to be read and understood in the same manner as are other contracts. *King v. Brevard*, 378 S.W.2d 681, 684 (Tex.Civ. App.—Austin 1964, writ ref'd n.r.e.). In the interpretation of contracts, the primary concern of courts is to ascertain and to give effect to the intentions of the parties as expressed in the instrument. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983); *Duracon, Inc. v. Price*, 817 S.W.2d 147, 149 (Tex. App.—El Paso 1991, writ denied). When the interpretation of a contract is in issue, the court must first determine whether or not the provisions in question are ambiguous. *Coker*, 650 S.W.2d at 394; *Purvis Oil Corp. v. Hillin*, 890 S.W.2d 931, 935 (Tex.App.—El Paso 1994, no writ); *Cap Rock Elec. Coop., Inc. v. Texas Util. Elec. Co.*, 874 S.W.2d 92, 99 (Tex.App.—El Paso 1994, no writ). A contract is ambiguous if, after examining the contract as a whole in light of the circumstances existing at the time the contract was signed and after applying the rules of construction, its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning. *Coker*, 650 S.W.2d at 393; *Purvis*, 890 S.W.2d at 935; *Cap Rock*, 874 S.W.2d at 99.

■ A disagreement over the meaning of a contract provision does not render the provision ambiguous. *Purvis*, 890 S.W.2d at 935; *First City Nat'l Bank of Midland v. Concord Oil Co.*, 808 S.W.2d 133, 136 (Tex. App.—El Paso 1991, no writ). When the parties disagree over the meaning of an unambiguous contract, the court must determine the parties' intent by examining and considering the entire writing. To determine the objective intent of the parties, a court should examine the entire instrument in an effort to harmonize and give effect to all provisions of the contract so that none will be rendered meaningless. *Coker*, 650 S.W.2d at 393; *Austin Hardwoods, Inc. v. Vanden Berghe*, 917 S.W.2d 320, 323 (Tex.App.—El Paso 1995, no writ). The intent of the parties must be taken from the agreement itself, not from the parties' present interpretation, and the agreement must be enforced as it is written. *Sun Oil Company (Delaware) v. Madeley*, 626 S.W.2d 726, 731–32 (Tex.1981); *Purvis*, 890 S.W.2d at 935.

We do not find the lease agreement to be ambiguous. Looking only to the terms of the lease agreement, we find no reasonable explanation for Wood and Veale Sr.'s signatures and initials appearing seventeen times in spaces designated for "Tenant," other than that Wood and Veale Sr. intended to sign as tenants, or parties, to the lease agreement. Their signatures are not in conflict with the introductory paragraph's designation of James and Jennifer Veale as "Tenant." The numerous signatures and initials Wood and Veale Sr. placed in spaces designated for "Tenant" throughout the lease document can be harmonized with the introductory paragraph to include Wood and Veale Sr. as parties additional to those stated in the introduction. Wood and Veale Sr.'s intent, as expressed by their repeated signatures and initials as "Tenant" within the terms of the document, is to sign as parties to the lease agreement. *See Gulf & Basco Company v. Buchanan*, 707 S.W.2d 655, 657 (Tex.App.— Houston [1st Dist.] 1986, writ ref'd n.r.e.)(court applied rules of contractual con-

442

struction to determine capacity in which corporate officer intended to execute agreement).

■ Wood and Veale Sr. assert that their affidavits in support of their motion for summary judgment establish their intent to sign the lease only in "approval" of its terms and not as parties or responsible persons under the agreement. Parol evidence such as the affidavits, however, may not be used to create an ambiguity when none exists according to the written terms of the agreement. *National Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Industries, Inc.*, 907 S.W.2d 517, 520 (Tex.1995). Accordingly, we may not consider the affidavits because we have not found the written terms of the lease reasonably susceptible to more than one meaning. *Coker*, 650 S.W.2d at 393; *Purvis*, 890 S.W.2d at 935; *Cap Rock*, 874 S.W.2d at 99.

Accordingly, we find that the trial court erred in granting summary judgment in favor of Wood and Veale Sr. on the ground that they could not be parties to the lease pursuant to the Statute of Frauds. We therefore sustain Haddad's second and third points of error.

### WOOD AND VEALE SR. AS GUARANTORS

■ Wood and Veale Sr. raised a second ground: that they could not be liable to Haddad as guarantors of their children's debts on the lease because there is no written agreement for them to do so. Pursuant to the Statute of Frauds, an agreement to answer for the debt of another must be in writing to be enforceable. TEX.BUS. & COM. CODE ANN. § 26.01(a)(1); (b)(2)(Vernon 1987). There is no evidence of any written agreement, within the lease or otherwise, on the part of Wood and Veale Sr. to answer for their children's indebtedness on the lease. Moreover, Haddad does not attack this ground with a point of error or argument. We therefore affirm that portion of the summary judgment holding that Wood and Veale Sr. cannot, as a matter of law, be liable as guarantors for their children's indebtedness on the lease. *See Cincinnati Life Insurance Company v. Cates*, 927 S.W.2d 623, 626 (Tex.

1996)(in the interest of judicial economy, the appellate court should address all grounds of summary judgment preserved for review by the movant).

### CONCLUSION

Having considered and sustained Haddad's second and third points, we reverse that portion of the summary judgment holding that Wood and Veale Sr. are not tenants under, or parties to, the lease pursuant to the Statute of Frauds as a matter of law. We affirm the trial court's finding that the Statute of Frauds precludes liability on the part of Wood and Veale Sr. as guarantors of the debt of James and Jennifer Veale. Our resolution of Points Two and Three makes it unnecessary for us to reach Haddad's fourth point of error which alleges a separate agreement on Wood's part to pay the past due rents, Haddad's fifth, sixth and seventh points which allege certain judicial admissions in Wood and Veale Sr.'s pleadings, and Haddad's first point, which globally asserts error in the trial court's ruling. We remand the case for proceedings consistent with this opinion.