COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| SKINNER CUSTOM HOMES, INC., | § | No. 08-12-00039-CV |
| Appellant, | § | Appeal from the |
| v. | § | 67th District Court |
| | § | |
| RYAN T. SMITH AND CATHERINE R. SMITH, | § | of Tarrant County, Texas |
| | § | (TC#067-247062-10) |
| Appellees. | § | |

## O P I N I O N

Skinner Custom Homes, Inc., (Skinner Homes) appeals the summary judgment granted in favor of Appellees, Ryan T. and Catherine R. Smith on its breach-of-contract claim. For the reasons that follow, we reverse and remand.

## BACKGROUND

On or about March 1, 2010, Appellees entered into a contract with Skinner Homes to purchase a move-in ready home located in Tarrant County, Texas. Appellees agreed to a sales price of $860,000 and to a closing date of March 30, 2010.

The contract signed by the parties was a standard form promulgated by the Texas Real Estate Commission. The parties made two modifications to the contract. First, under paragraph 11 of the contract entitled "Specials Provisions," the parties added language stating that they

agreed to certain changes being made to the home and that all earnest monies would become non-refundable upon the start of the improvements.[1]   Second, under paragraph 5 of the contract entitled "Earnest Money," "Hexter Fair Title" which was the escrow agent originally typed in on the contract was crossed out and "Skinner Custom Homes" was written in as the escrow agent with whom a $10,000 earnest money deposit was to be made.   This change was initialed by the parties. No other modifications were made to the contract.

Within a few days of the contract's execution, Skinner Homes commenced work on the agreed upon improvements.   Skinner Homes used the $10,000 deposit to cover the expenses of the improvements.   Appellee Ryan T. Smith allegedly requested additional changes to the home, which increased the scope of work, and hired independent contractors to make changes to the property, resulting in more work for Skinner Homes.   Appellees made an additional $5,000 payment to Skinner Homes which, according to Skinner Homes, was made after Appellees were informed that they would be charged for the additional changes being requested.[2]

No change orders were ever exchanged between the parties.   The improvements to the home were not completed by the closing date of March 30, 2010.   Nevertheless, from March 2010 to May 2010, the parties continued to work on and communicate about the improvements being made to the home.[3]   Ultimately, Skinner Homes could no longer afford to continue working on the improvements due to a lack of capital to pay for the improvements and a lack of communication from Appellees.

---

[1] Skinner Homes agreed to add French doors to the guest patio, enlarge the game-room door openings, replace the cabinets in the loft, enlarge and raise the ceiling in the family room, and re-arrange the cabinets and fire place in the family room.

[2] According to Mr. Smith's deposition testimony, the $5,000 payment was intended to motivate Skinner Homes to get the work done faster as he knew Skinner Homes was not financially comfortable and it was intended to be applied to the purchase price of the home.

[3] At his deposition, Mr. Smith stated that he still intended on purchasing the residence in April.

On May 20, 2010, Skinner Homes sent Appellees a demand letter stating that due to failed attempts to meet with Appellees, Skinner Homes could only assume that Appellees no longer wished to purchase the home and did not intend to pay for the improvements or for the damages and expenses incurred from the independent contractors Appellees had hired. Skinner Homes demanded that Appellees proceed with closing and pay $29,073 for the balance on the improvements. In a letter dated July 29, 2010, Appellees demanded the return of the earnest money due to Skinner Homes' default under the terms of the contract by failing to complete the agreed upon improvements by March 30, 2010.

After Appellees refused to close on the home, Skinner Homes could not afford to complete the improvements, pay the contractors, and continue paying the loan on the home. The home was allegedly in an unsellable condition and the bank foreclosed on the home.

On August 26, 2011, Skinner Homes sued Appellees for breach of contract. Alternatively, Skinner Homes advanced that Appellees were liable under the doctrines of promissory estoppel and *quantum meruit*. Appellees responded to the suit with a general denial, asserted various affirmative defenses, and asserted counterclaims against Skinner Homes.

Appellees subsequently moved for summary judgment on the grounds of estoppel by contract, release, express contract, and the statute of frauds. In support of their motion for summary judgment, Appellees in part, provided evidence of the purchase contract and Skinner Homes' responses to Appellees' discovery requests. In response, Skinner Homes in part, presented the affidavit of Steve Skinner, a copy of its demand letter, a copy of Appellees' reply to the demand letter, excerpts of the deposition testimony of Mr. Smith and Mr. Skinner, and a

3

printout of a series of text messages between Mr. Smith and Mr. Skinner.[4]   After a hearing, the trial court granted summary judgment in favor of Appellees without specifying the grounds for its ruling.   This appeal followed.

## DISCUSSION

On appeal, Skinner Homes raises five issues challenging the order granting summary judgment in favor of Appellees. In Issue One, Skinner Homes contends that the trial court misconstrued the contract when it determined that Skinner Homes' performance under the contract relieved Appellees of any future obligation of performance.   In Issue Two, Skinner Homes complains that Appellees have not established the affirmative defense of release.   In Issue Three, Skinner Homes alleges that the contract terms are ambiguous, thus, they present fact issues for the jury.   In Issue Four, Skinner Homes asserts that the trial court incorrectly determined that its promissory estoppel claims were barred by the contract between the parties.   In Issue Five, Skinner Homes argues that the statute of frauds is not applicable to oral agreements to perform repairs or renovations.

### *Standard of Review*

We review a trial court's summary judgment *de novo*. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).   Summary judgment is appropriate when the moving party shows there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).   Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678-79 (Tex. 1979); *Scown v. Neie*, 225

---

[4]   Steve Skinner is the owner and president of Skinner Homes.

S.W.3d 303, 307 (Tex. App. – El Paso 2006, pet. denied). When reviewing a motion for summary judgment, we must assume all of the evidence favorable to the non-movant is true, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in favor of the non-movant. *Edwards v. Mesa Hills Mall Co. Ltd. Partnership,* 186 S.W.3d 587, 590 (Tex. App. – El Paso 2006, no pet.). However, a moving party who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 509 (Tex. 2010). Where the trial court does not specify the grounds upon which summary judgment is granted, as in this case, we must affirm if any of the grounds are meritorious. *FM Properties Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000).

**Contract Construction**

In Issue One, Skinner Homes asserts that the trial court committed reversible error by granting Appellees' summary judgment because Appellees' interpretation of the contract is incompatible with the rules of contract interpretation, ignores the purpose of the contract, and reads language into the contract that is nonexistent.

In construing a contract, our primary duty is to ascertain the parties' intent from the language of the contract. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). Whether a contract is ambiguous is a question of law for the court to decide. *Id*. at 394. When determining whether a contract provision is ambiguous, we must look at the contract as a whole in light of the circumstances present when the contract was entered. *Id*.

When the disagreement between the parties is over the meaning of an unambiguous contract, the court must determine the parties' intent by examining and considering the entire

5

writing. *Haddad v. Wood*, 949 S.W.2d 438, 441 (Tex. App. – El Paso 1997, writ denied). In determining the objective intent of the parties, we examine the entire instrument in an effort to harmonize and give effect to all provisions of the contract so that none will be rendered meaningless. *Id.*, *citing Coker*, 650 S.W.2d at 393.

The parties' intent is taken from the agreement itself, rather than from the parties' present interpretation, and the agreement must be enforced as it is written. *Haddad*, 949 S.W.2d at 441, *citing Sun Oil Co. (Delaware) v. Madeley*, 626 S.W.2d 726, 731-32 (Tex. 1981). If a contract is worded such that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Coker*, 650 S.W.2d at 394. When possible, we avoid a construction which is unreasonable, inequitable, and oppressive. *Reilly v. Rangers Management, Inc.*, 727 S.W.2d 527, 530 (Tex. 1987).

Appellees respond that the trial court correctly construed the contract and argue that under the doctrine of estoppel by contract, Skinner Homes cannot take a position that is contrary to the terms of the contract. Appellees maintain that Skinner Homes elected its default remedy under the contract by retaining the earnest money after it became non-refundable, and therefore, Skinner Homes is estopped from recovering any other damages and can no longer exercise the other remedies under the contract. Under the estoppel by deed or contract doctrine, parties to a valid instrument are prevented from denying its full force and effect. *Angell v. Bailey*, 225 S.W.3d 834, 841 (Tex. App. – El Paso 2007, no pet.). In other words, "a party is bound by the terms of his contract unless it is void, annulled, or set aside in some way." *Johnson v. Structured Asset Servs., LLC*, 148 S.W.3d 711, 722 (Tex. App. – Dallas 2004, no pet.).

Because the interpretation of the contract is at issue, we must first determine whether the

6

contract provisions at issue are ambiguous. *Haddad*, 949 S.W.2d at 441, *citing Coker*, 650 S.W.2d at 394.

The two contract provisions relied upon by Appellees in making their estoppel-by-contract argument are found in paragraphs 11 and 15 of the contract. Paragraph 11 lists the agreed-upon changes that were to be made to the home and expressly makes all earnest monies non-refundable on the commencement of those improvements. Paragraph 15 sets forth the remedies in case of default by either party. Under the contract, if Appellees default, Skinner Homes "may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate th[e] contract and receive the earnest money as liquidated damages, thereby releasing both parties from th[e] contract."

Earnest money is defined as "[a] deposit paid (often in escrow) by a prospective buyer (esp. of real estate) to show a good-faith intention to complete the transaction, and ordinarily forfeited if the buyer defaults." BLACK'S LAW DICTIONARY 584 (9th ed. 2009). The contract contains typed language indicating that $10,000 was to be deposited with Joni Garrick, an escrow agent at Hexter Fair Title in Southlake. However, the parties modified paragraph 5, the earnest money provisions of the contract, so that the $10,000 earnest money would be directly deposited with Skinner Homes instead of Hexter Fair Title. Additionally, the parties modified paragraph 11, to include Appellees' desired home improvements and to make the earnest money non-refundable upon the start of those improvements. Looking at the contract as a whole in light of the circumstances present when the contract was entered into by the parties, we hold that the contract between the parties is not ambiguous. *See Coker*, 650 S.W.2d at 394. Therefore, we must examine the entire instrument in an effort to harmonize and give effect to all provisions of the contract so that none

will be rendered meaningless. *Haddad*, 949 S.W.2d at 441, *citing Coker*, 650 S.W.2d at 393. The modifications found in paragraphs 5 and 11 of the contract support the reasonable conclusion that the parties did not intend to "escrow" the $10,000 earnest money deposit made with Skinner Homes in the traditional legal sense. Rather, the contract modifications reflect the parties' intention to modify the purpose of the $10,000 earnest money.[5] Paragraph 11 makes no reference to the default provisions in paragraph 15. Additionally, paragraph 15 was not modified by the parties.

Therefore, by granting summary judgment the trial court relieved Appellees of any future obligation of performance, and rendered the remedy provisions found in paragraph 15 at issue meaningless. We agree with Skinner Homes that such a construction would require Skinner Homes to begin work on the improvements and simultaneously deprive it of any remedy for Appellees' default.

A reasonable construction of the contract is that the earnest money's purpose was changed to meet the costs of improvements agreed upon, thus the earnest money as liquidated damages was no longer available to Skinner Homes in the event that Appellees failed to comply with the contract. However, other remedies set forth in paragraph 15 remained available to Skinner Homes in the event Appellees defaulted on the contract. Accordingly, under the provisions of the contract, Skinner Homes was entitled to request specific performance and "such other relief as may be provided by law, or both . . . ." Because the contract is not ambiguous, this interpretation of the contract gives meaning to each of the contract's provisions and is reasonable. *Id.*; *Reilly*, 727 S.W.2d at 530.

---

[5] Escrow is defined as "[a] legal document or property delivered by a promisor to a third party to be held by the third party for a given amount of time or until the occurrence of a condition, at which time the third party is to hand over the document or property to the promisee . . . ." BLACK'S LAW DICTIONARY 624 (9th ed. 2009).

As a matter of law, the provisions of the contract have a certain and definite legal meaning or interpretation and are not ambiguous. *Coker*, 650 S.W.2d at 394. Because Skinner Homes still had the other remedies available to it under paragraph 15 of the contract, Skinner Homes did not take a position inconsistent with the contract by suing Appellees for breach of contract and seeking damages. Accordingly, we conclude Appellees have failed to establish the affirmative defense of estoppel by contract which precludes a grant of summary judgment in their favor. *See Frost Nat. Bank*, 315 S.W.3d at 509 (summary judgment is proper when a defendant establishes all elements of an affirmative defense). Issue One is sustained.

We conclude the contract is not ambiguous and that the trial court's construction of the contract was in error as a matter of law. Thus, it is unnecessary for us to address Skinner Homes' remaining issues. *See* TEX. R. APP. P. 47.1.[6]

**CONCLUSION**

Having sustained Skinner Homes' first issue, the order granting Appellees' motion for summary judgment is reversed, and the case is remanded for a trial on the merits.


GUADALUPE RIVERA, Justice

March 27, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

---

[6] "The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1.