COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ, | § | No. 08-12-00111-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 5 |
| LAURA PORTER, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2011-1222) |
| | § | |

## O P I N I O N

Proceeding *pro se*, Alejandro Hernandez appeals from the trial court's order granting El Paso Police Detective Laura Porter's motion for summary judgment on Hernandez's claim of malicious prosecution. In a single issue, Hernandez contends that the trial court erred by granting summary judgment. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

This case stems from a family law dispute between Israel Mendoza and his former wife, Edith Roman, who is now married to Hernandez. Roman obtained an order from the family court requiring Mendoza to pay increased child support and to reimburse her for certain medical expenses incurred by her on behalf of one of their children. Shortly after Roman obtained the court order, she and Hernandez began communicating with Mendoza by email and telephone.

Mendoza asked them to stop calling him. Roman did not, prompting Mendoza to file a report with the El Paso Police Department.[1] According to Mendoza, when he received four successive calls from a blocked number he recognized—the fourth one a voice mail from Hernandez threatening him with malicious prosecution for reporting Roman—Mendoza contacted the police.

Detective Laura Porter was assigned to investigate. During her investigation, Porter spoke to Mendoza on four separate occasions and took two statements. According to Porter, Mendoza informed her of numerous annoying phone calls made by Hernandez and brought her documentation in support of his complaint. After her investigation was complete, Porter typed an affidavit in support of a harassment complaint and presented it to the district attorney. Assistant District Attorney Kristin Romero reviewed the case and, exercising her discretion, accepted it for prosecution.

Hernandez was arrested and tried on a single charge of harassment, but was subsequently acquitted by a jury. Hernandez then sued both Mendoza and Porter for malicious prosecution. Porter moved for summary judgment on three grounds (1) that she did not initiate or procure Hernandez's prosecution and that if she did initiate or procure the prosecution, (2) she did not lack probable cause to do so, and (3) did not do so maliciously. In the order granting summary judgment for Porter, the trial court stated its reason for doing so: "The Court having found that there was probable cause as a matter of law for the issuance of the capias ordering [Hernandez's arrest] for the offense of telephone harassment . . . ."

## SUMMARY JUDGMENT

We review a trial court's summary judgment *de novo*. *Travelers Ins. Co. v. Joachim*, 315

___

[1] Roman was subsequently tried and convicted of harassing Mendoza. This Court upheld her conviction on direct appeal. *See Roman v. State*, 2012 WL 5287933, 08-11-00057-CR (Tex.App.--El Paso Oct. 24, 2012, no pet.h.)(not designated for publication).

2

S.W.3d 860, 862 (Tex. 2010). Where, as here, the trial court expressly states in its order the ground on which it granted summary judgment, we must determine if the trial court was correct in granting summary judgment on that basis. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625-26 (Tex. 1996). In the interest of judicial economy, we may consider other grounds that were raised and preserved by the movant but not ruled on by the trial court to decide if they support summary judgment. *Id.*; *see Haddad v. Wood*, 949 S.W.2d 438, 440, 442 (Tex.App.--El Paso 1997, writ denied)(citing *Cates* as authority permitting consideration of both grounds raised by the movants in their motion for summary judgment because trial court granted summary judgment "based upon the Statute of Frauds" without specifying under which of the two grounds raised in the motion – both based on the Statute of Frauds – judgment was granted).

A party moving for traditional summary judgment must establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). If the defendant is the party moving for traditional summary judgment, she must negate at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). If the defendant establishes her right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

Evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). In ascertaining whether the plaintiff has

3

presented such evidence, we consider all the evidence in the light most favorable to him, crediting evidence favorable to him if reasonable jurors could, and disregarding evidence contrary to him unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the plaintiff's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

## MALICIOUS PROSECUTION

The elements of malicious prosecution are: (1) commencement of a criminal prosecution against the plaintiff; (2) the defendant's initiation or procurement of that prosecution; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) lack of probable cause to initiate or procure the prosecution; (6) malice in filing the charge; and (7) damage to the plaintiff. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 n.3 (Tex. 2006).

### Lack of Probable Cause

Porter moved for summary judgment on the ground that if she did initiate or procure Hernandez's prosecution, she did not lack probable cause to do so. Porter argues that the trial court correctly granted summary judgment on this ground because a magistrate found probable cause to issue a warrant for Hernandez's arrest.

Probable cause is "the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor [complainant], that the person charged was guilty of the crime for which he was prosecuted." *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997), *citing Akin v. Dahl*, 661 S.W.2d 917, 921 (Tex.1983). "The probable-cause determination asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably

4

believed them to be before the criminal proceedings were instituted." *Richey*, 952 S.W.2d at 517 *citing Akin*, 661 S.W.2d at 920-21. The question is not what the actual facts were, but what the defendant honestly and reasonably believed the facts to be. *Kroger*, 216 S.W.3d at 792-93.

Porter has failed to establish her entitlement to summary judgment on the probable cause element of Hernandez's claim of malicious prosecution. As summary judgment evidence on probable cause, Porter relied on the Complaint and Information, her report and arrest warrant affidavit, and the capias issued by a magistrate. Porter contends on appeal that if she initiated or procured Hernandez's prosecution, she did not lack probable cause to do so because the capias issued by the magistrate is an independent determination of probable cause.

The subsequent probable cause determination of the magistrate who issued the capias is irrelevant in determining whether a reasonable person would believe that Hernandez harassed Mendoza given the facts as Porter honestly and reasonably believed them to be before criminal proceedings were instituted. *See French v. French*, 385 S.W.3d 61, 66-7 (Tex.App.--Waco 2012, pet. denied)(concluding that, under *Richey*, probable cause determinations made by investigating officer and judge who issued arrest warrant were irrelevant in determining whether reasonable person would believe plaintiff committed theft given the facts as complainants honestly and reasonably believed them to be before criminal proceedings were instituted). Since Porter does not direct our attention to any facts she relies upon to believe Mendoza was harassed by Hernandez, she has not succeeded in negating the probable cause element of Hernandez's claim of malicious prosecution. *See Richey*, 952 S.W.2d at 517. Accordingly, the trial court erred in granting summary judgment on this basis. *See French*, 385 S.W.3d at 67.

**Initiation or Procurement of Prosecution**

5

Although the trial court erred in granting summary judgment on the probable-cause element, summary judgment is proper nonetheless if it is supported by another ground that was raised and preserved by Porter but not ruled on by the trial court. *See Cincinnati Life*, 927 S.W.2d at 625-26; *Haddad*, 949 S.W.2d at 440, 442. As noted above, one of the other grounds raised by Porter was her assertion that she was not responsible for procuring Hernandez's criminal prosecution. Porter argues that she did not procure Hernandez's prosecution because the decision to prosecute was alone made by Romero, whose decision was not influenced by the erroneous statement in Porter's complaint affidavit that Hernandez accused Mendoza of being a homosexual.

To prove malicious prosecution, a plaintiff must establish that the defendant caused his prosecution by either initiating or procuring it.[2] *See Richey*, 952 S.W.2d at 517; *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 292 (Tex. 1994). A defendant procures a criminal prosecution when his actions are enough to cause the prosecution, and but for those actions, the prosecution would not have occurred. *Lieck*, 881 S.W.2d at 292. A defendant does not procure a criminal prosecution when the decision to prosecute is left to the discretion of another, such as a law enforcement official or a grand jury, unless the defendant knowingly provided false, material information and the false information caused a criminal prosecution. *King v. Graham*, 126 S.W.3d 75, 76 (Tex. 2003)(per curiam).

On appeal, Hernandez does not challenge the propriety of summary judgment on this ground. But in the section of his brief arguing why Porter lacked probable cause to procure his prosecution, Hernandez contends that Porter knowingly included false, material information in her

---

[2] "A person initiates a criminal prosecution if he makes a formal charge to law enforcement authorities." *Lieck*, 881 S.W.2d at 292.

6

complaint affidavit.[3]   Notwithstanding Hernandez's contention, we conclude that Porter did not procure Hernandez's prosecution.

Porter adduced evidence establishing she did not knowingly provide false information in her complaint affidavit.  In her answers to Hernandez's interrogatories, Porter stated that she would never knowingly include incorrect information in her complaint affidavits and that, except for the statement about homosexuality, the facts in the complaint affidavit she prepared against Hernandez were true and correct to the best of her knowledge.   In her affidavit, Porter averred that although she incorrectly included in her complaint affidavit the statement about homosexuality, she did so mistakenly and innocently and further that her decision to present the complaint affidavit against Hernandez was made in good faith and with no malice or ill will against him.

Porter also adduced evidence establishing that Romero's decision to prosecute Hernandez was not materially influenced by her erroneous statement.   Romero swore in her affidavit that:

> The fact that the Complaint Affidavit stated that . . . Hernandez had made claims that . . . Mendoza was a homosexual was immaterial to my decision to accept the case for prosecution.  My decision was based on the repeated phone calls made as stated in the Complaint and Information.

Similarly, Joseph Moody, one of the assistant district attorneys who prosecuted Hernandez, avowed in his affidavit that:

> The fact that the Complaint Affidavit stated that . . . Hernandez had made claims that . . . Mendoza was a homosexual was immaterial to my decision to continue the case for prosecution.   The evidence presented at trial was based on the repeated phone calls made as stated in the Complaint and Information.

Hernandez asserts that the inconsistency in Porter's complaint affidavit and her trial testimony concerning the identity of the individual who labeled Hernandez a homosexual raises a genuine issue of material fact as to whether Porter knowingly provided false information.

---

[3] Briefing rules are liberally construed to preserve the right to appellate review.   *See* TEX.R.APP.P. 38.9; *El Paso Nat. Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 316 (Tex. 1999).

Hernandez also asserts that the similarity of Porter's complaint affidavits in both his and Roman's criminal cases raises a genuine issue of material fact as to whether Porter knowingly provided false information. But we fail to see how this summary-judgment evidence and inferences drawn from that evidence support Hernandez's assertions that Porter knowingly provided false, material information to Romero. Simply put, providing inaccurate or incomplete information will not result in liability for procuring a criminal prosecution. *See Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 509-11 (Tex. 2002)(noting that rule requiring "knowingly providing false information" for instigating an arrest in a false-imprisonment context is similar to the rule in a malicious-prosecution context to procure criminal proceedings). Likewise, Hernandez points to no evidence that the Romero's decision to prosecute was based on any information supplied by Porter that was known *then* to be false. Accordingly, granting summary judgment on the basis of procurement would have been proper.

In light of the preceding, we conclude that the trial court did not err in rendering summary judgment in favor of Porter on Hernandez's claims for malicious prosecution. Because summary judgment would have been proper on the basis of procurement, we need not address the malice ground asserted by Porter in her motion for summary judgment. *See* TEX.R.APP.P. 47.1. We overrule Hernandez's issue.

## CONCLUSION

The trial court's judgment is affirmed.

July 31, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

8