**Affirmed and Opinion Filed June 23, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00805-CV

**WANDA PARKER, INDEPENDENT EXECUTOR OF THE ESTATE OF MILDRED GAITHER, Appellant**
**V.**
**DAVID LYNN FORTNER, Appellee**

**On Appeal from the Collin County Probate**
**Collin County, Texas**
**Trial Court Cause No. PB1-0873-2012**

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Bridges

Wanda Parker, independent executrix of the estate of Mildred Evelyn Gaither, appeals the trial court's judgment that she take nothing on her claims against David Lynn Fortner arising out of a promissory note signed by Fortner. In three issues, Parker argues the trial court abused its discretion in admitting parol evidence in violation of the Statute of Frauds, failing to award Parker her attorney's fees, and failing to enter judgment against Fortner in accordance with the terms of the promissory note. We affirm the trial court's judgment.

In a trial before the court in which several matters related to Gaither's estate were raised, Parker entered into evidence a November 9, 2006 promissory note signed by Fortner in the amount of $25,000. Fortner did not dispute the fact that he signed the note. Instead, he called

Steve Fortner to testify about whether Gaither ever spoke to Steve about Fortner's promissory note. Steve testified:

> [Gaither] had mentioned to me multiple times that she was going to take [Fortner] out of the will because he owed her twenty-five thousand and she was just going to give him ten and not give him anything else, and that's multiple times. It's not once, multiple times.

The trial court asked Steve if Gaither said anything else, and Steve testified Gaither "said that that was going to be -- his loan was going to be his part of the end of the will." Gaither said the $25,000 that Fortner owed her "would go away."

On cross-examination, when asked whether it frustrated Steve that Gaither was still going to require him to pay the note he himself owed Gaither, Steve responded:

> Not really because me and her talked about that. She left me in the will. You know, that's the reason why she took [Fortner] out because he owed her twenty-five thousand and she figured it would be about that amount of money split up at the end when everything was done, so that's the reason why she took him out.

Steve did not remember exactly when Gaither talked to him about the note, but he said it was in "'06, probably, '07." When asked whether there was any writing that would substantiate his testimony, Steve testified he had seen Gaither's original will, and Fortner "was on the original will."

Fortner testified he "defaulted on this note fairly quick and [he] went and talked to [Gaither] about this deal." Fortner testified that, by "this note," he meant the $25,000 note at issue. Fortner testified Gaither "said she'd forgive it." Fortner did not know in what year this conversation took place, but he testified "it wasn't long after the note because I got in trouble with the IRS and stuff so I know it wasn't long after that." Fortner testified Gaither "had five years there" and posed the question, "if she was going to sue me, why didn't she sue me for it then?" Parker's attorney objected that Fortner was asking the court to speculate. The trial court

sustained the objection and reformed Fortner's question into a "declaratory statement to the effect of the fact that she did not sue me within the five years indicates that she was forgiving."

The trial court entered an oral finding that Gaither "did forgive the note, and in conjunction with the forgiveness of the note, rewrote her will to leave [Fortner] nothing, but -- except the specific bequest that was left to him," a $10,000 bequest. The trial court observed, "when somebody owes you twenty-five thousand dollars and they haven't paid it to you for years and they're never going to pay you, you don't normally leave them ten thousand dollars more in your will if you're mad about the twenty-five thousand dollars and still want to be paid." The trial court stated, "I hold in favor of [Fortner] and I will enter a take-nothing judgment on the application" of Parker against Fortner. The trial court observed, "[t]hat leaves us not needing to take up the attorney's fees." On March 28, 2014, the trial court signed a take-nothing judgment in favor of Fortner, and this appeal followed.

In her first point of error, Parker argues the trial court abused its discretion by admitting parol evidence in violation of the Statute of Frauds in a suit on a written promissory note executed by Fortner. In making this argument, Parker challenges the legal and factual sufficiency of the evidence to support the trial court's findings of fact and argues the trial court's conclusions of law are erroneous as a matter of law.

If the trial court makes findings of fact and conclusions of law, we may review the fact findings for legal and factual sufficiency. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). If there is more than a scintilla of evidence to support the finding, the no-evidence challenge fails. *Id.* at 795. Evidence is factually insufficient to support a finding if the finding is so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We review de novo the trial court's legal conclusions based on the findings of fact to determine their correctness. *Marchand*, 83

S.W.3d at 794. If we determine a conclusion of law is erroneous but the trial court nevertheless rendered a proper judgment, the erroneous conclusion does not require reversal. *Id.*

In Texas, a promissory note is a simple contract governed by the fundamental rules applicable to contract law. *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 588 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The Statute of Frauds is found in section 26 of the Texas Business and Commerce Code. The applicable provision states, in pertinent part, the following:

> (a) A promise or agreement described in subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is
>
> (1) in writing; and
>
> (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

Subsection (a) of this section applies to:

> (6) an agreement which is not to be performed within one year from the date of making the agreement.

TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(6) (West 2009). To satisfy the Statute of Frauds, there must be a written memorandum which is complete within itself in every material detail and which contains all of the essential elements of the agreement so that the contract can be ascertained from the writing without resorting to oral testimony. *Dobson v. Metro Label Corp.*, 786 S.W.2d 63, 65 (Tex. App.—Dallas 1990, no writ). An agreement is subject to the Statute of Frauds if it appears from the terms of the agreement that performance cannot be completed within one year. *Burge*, 29 S.W.3d at 594. Whether an agreement falls within the Statute of Frauds is a question of law. *Gerstacker v. Blum Consulting Eng'rs, Inc.*, 884 S.W.2d 845, 849 (Tex. App.—Dallas 1994, writ denied). The promissory note in this case satisfies the Statute of Frauds; it is dated November 9, 2006 and bears a maturity date of January 1, 2013, it is in writing, and it is signed by the person to be charged, "DAVID LYNN FORTNER, borrower."

The trial court entered the following pertinent findings of fact:

3) MILDRED GAITHER loaned DAVID LYNN FORTNER $25,000 on November 9, 2006, according to the terms of the promissory note attached hereto, the original of which was received as an exhibit at trial.

6) DAVID LYNN FORTNER would have inherited approximately $25,000 as a residual beneficiary under the Will of MILDRED GAITHER (at the time of the loan).

7) DAVID LYNN FORTNER did not [sic] any payments in repayment of the loan.

8a) MILDRED GAITHER made a decision to convert the $25,000 loan to a gift, to excuse/forgive repayment of the $25,000, and to remove DAVID LYNN FORTNER as a residual beneficiary in her will.

9a) MILDRED GAITHER informed DAVID LYNN FORTNER that she was converting the $25,000 loan to a gift, that she was excusing/forgiving repayment of the $25,000, and that she intended to remove DAVID LYNN FORTNER as a residual beneficiary in her Will.

9b) DAVID LYNN FORTNER accepted the gift (conversion of the $25,000 loan to a gift) from MILDRED GAITHER and acknowledged to her an understanding on his part that he would be removed as a residual beneficiary in her Will.

9c) MILDRED GAITHER intended to make a gift (conversion of the $25,000 loan to a gift), and did make a gift to DAVID LYNN FORTNER of the $25,000 that she had previously delivered to DAVID LYNN FORTNER that had previously been characterized as a loan.

10) MILDRED GAITHER made a new Will on June 26, 2009 that did not include DAVID LYNN FORTNER as a residual beneficiary of her estate.

Based on these findings, the trial court entered the following conclusion of law:

DAVID LYNN FORTNER is not liable on the loan of November 9, 2006 as a result of the loan having been converted to a gift and the loan having been forgiven/excused by MILDRED GAITHER during her lifetime.

The elements of a gift are (1) the intent to make a gift; (2) delivery of the property; and (3) acceptance of the property. *Magness v. Magness*, 241 S.W.3d 910, 912 (Tex. App.—Dallas 2007, pet. denied). Here, Steve and Fortner's testimony showed: Gaither loaned Fortner $25,000 subject to the terms of a promissory note; when Fortner quickly defaulted on the note, Gaither formed the intent to convert and did convert the $25,000 loan to a gift and revised her will to remove Fortner as a residual beneficiary of her estate; and Fortner accepted the gift. Steve and

Fortner's testimony was legally and factually sufficient to support the trial court's findings. *Marchand*, 83 S.W.3d at 794; *Cain*, 709 S.W.2d at 176.

Parker contends that, if the underlying promissory note is subject to the Statute of Frauds, a mutual agreement to rescind the note is also subject to the Statute of Frauds, and the trial court erred by allowing parol evidence about Gaither's decision to forgive the loan. However, we have already concluded the trial court did not err by determining Gaither made a gift of $25,000 to Fortner. Although that gift was used to extinguish Fortner's obligation to Gaither, it did not modify or rescind the promissory note and the gift was not required to be documented in writing. Since the gift was not subject to the Statute of Frauds, parol evidence concerning the gift was admissible. Under these circumstances, the trial court correctly concluded Fortner was not liable on the November 9, 2006 loan because it was converted to a gift and forgiven/excused by Gaither during her lifetime. We overrule Parker's first issue.

In her second issue, Parker argues the trial court abused its discretion by failing to award her attorney's fees in accordance with the terms of the note. In her third issue, Parker argues the trial court abused its discretion by failing to grant Parker a judgment against Fortner in accordance with the terms of the note and award Parker her attorney's fees. However, because we have determined Fortner was not liable on the note, the trial court did not abuse its discretion in failing to award attorney's fees or enter judgment pursuant to the note's terms. We overrule Parker second and third issues.

We affirm the trial court's judgment.

140805F.P05

/David L. Bridges/
_____
DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WANDA PARKER, INDEPENDENT
EXECUTOR OF THE ESTATE OF
MILDRED GAITHER, Appellant

No. 05-14-00805-CV        V.

DAVID LYNN FORTNER, Appellee

On Appeal from the Collin County Probate,
Collin County, Texas
Trial Court Cause No. PB1-0873-2012.
Opinion delivered by Justice Bridges.
Justices Fillmore and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee DAVID LYNN FORTNER recover his costs of this appeal
from appellant WANDA PARKER, INDEPENDENT EXECUTOR OF THE ESTATE OF
MILDRED GAITHER.

Judgment entered June 23, 2015.